UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CHRISTINA STEWARD** : CIVIL ACTION NO. 2:21-cv-04056

**VERSUS** : JUDGE JAMES D. CAIN, JR.

**JOHN WEST, ET AL.** : MAGISTRATE JUDGE KAY

## MEMORANDUM ORDER

Before the court is a Motion to Compel Plaintiff to Pay the No-Show Fee Incurred by Defendants for Plaintiff's Scheduled IME [doc. 23] filed by defendants John West, Lyle Machinery Company, and National Union Fire Insurance Company. The motion is opposed by plaintiff Christina Steward. Doc. 26. The time for reply has passed, making this motion ripe for resolution.

For reasons set forth below, the court finds that the motion should be **GRANTED**.

### I.
#### BACKGROUND

This dispute arises from a motor vehicle accident. Doc. 1, att. 1. Defendant John West allegedly drove a vehicle that struck another vehicle in which plaintiff was a passenger. *Id.* at ¶ 5. Plaintiff filed suit in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana [doc. 1, att. 1], and defendants subsequently removed the matter to this court based on diversity jurisdiction under 28 U.S.C. § 1332(a). Doc. 1, ¶ 6.

The instant motion concerns plaintiff's failure to appear for a scheduled independent medical examination (IME). Doc. 23. Plaintiff and defendants agreed to a Joint Stipulation

providing that plaintiff would appear for an IME at the office of Dr. William Brennan on February 7, 2023, at 3:45 pm. Doc. 20. Plaintiff failed to attend the IME "without reason, justification or notice." Doc. 23, att. 1, p. 3. Now defendants ask us to compel plaintiff to pay the no-show fee of $4,000 for the agreed upon IME, as well as all costs, expenses, and attorney's fees incurred in filing this motion. *Id.*

Plaintiff opposes the motion, claiming she never agreed to pay the no-show fee and that the fee is unreasonable. Doc. 26. She does not explain why she missed the agreed upon IME. Plaintiff also does not mention opposition to paying attorney's fees and costs. *Id.*

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." When a party's mental or physical condition is in controversy, the court may order them to submit to a physical or mental examination by a suitably licensed or certified examiner. FED. R. CIV. P. 35(a)(1). Federal Rule of Civil Procedure 37 provides for the reimbursement of costs associated with the filing of a motion to compel when a party fails to properly respond to discovery under Rules 26, 30, 31, 33, or 34. *See* FED. R. CIV. P. 37(a). The rule only allows for sanctions related to Rule 35 if "a party fails to comply with an order under Rule 35(a)." FED. R. CIV. P. 37(b)(2)(B). Additionally, Rule 35 does not provide for the recovery of costs. Thus, absent a prior court order under Rule 35, any fees assessed for failure to appear at an IME would arise under the court's inherent sanctioning power. "A district court has the inherent authority to impose sanctions 'in order to control the litigation before it.'" *Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (internal citation omitted).

Defendants urge us to use Rule 37(b) to compel plaintiff to pay the $4,000 no-show fee for the IME she missed, as well as their attorney's fees and costs incurred by filing this motion. Doc. 23, att. 1. Alternatively, defendants ask us to exercise our inherent authority to uphold the "interest of justice and fairness" to order plaintiff to pay these fees and costs. *Id.* at p. 4. Because the IME was not ordered under Rule 35, we find that Rule 37 is not applicable. Thus, any sanctions against plaintiff must be imposed under our inherent authority to control the proceedings before us.

Plaintiff claims she should not have to pay the no-show fee because she did not agree to such a fee in the Joint Stipulation [doc. 20]. Doc. 26, pp. 1–2. She asserts that defendants should have retained an expert who did not charge no-show fees or at least should have notified plaintiff of the potential fee "and ensure her consent." *Id.* Plaintiff further claims that the fee is unreasonable, and thus, she should not have to pay it or at least not all of it. Doc. 26, pp. 2–3. We disagree with this assessment.

Plaintiff essentially claims defendants incurred the no-show fee by their own fault. However, the fee was incurred because plaintiff failed to attend the IME she previously agreed to. It was plaintiff's counsel who proposed using a joint stipulation to set up the IME. Doc. 23, att. 2, pp. 7–8. Additionally, after receiving potential dates from defendants' counsel, plaintiff's counsel chose the IME date based on plaintiff's availability. *Id.* at p. 7. Due to plaintiff's absence, defendants were unable to get Dr. Brennan's expert report filed by the current expert report deadline. *See* doc. 19 (setting expert report deadline); doc. 27. Plaintiff gives no reason for her absence and seemingly seeks to shift the blame to avoid taking responsibility for her actions.

Because of plaintiff's counsel's active role in setting up the IME and because of plaintiff's unexplained absence, which prevented defendants' compliance with the court-imposed expert report deadline, plaintiff should bear the cost of the no-show fee. Furthermore, plaintiff must pay

defendants' reasonable costs, expenses, and attorney's fees incurred through filing this motion because such expenses and fees would not have occurred but for plaintiff's failure to attend the IME, which violated the parties' the Joint Stipulation.

Accordingly, the Motion to Compel is **GRANTED.**

### III.
#### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' Motion to Compel Plaintiff to Pay the No-Show Fee Incurred by Defendants for Plaintiff's Scheduled IME [doc. 23] be **GRANTED**. Plaintiff Christina Steward is to pay to defendant the $4,000 fee associated with her failure to appear for the scheduled IME

**IT IS FURTHER ORDERED** that plaintiff CHRISTINA STEWARD shall pay defendants' reasonable attorney's fees and costs incurred by filing this motion to compel. Within twenty-one (21) days of the signing of this order, JOHN WEST, LYLE MACHINERY COMPANY, and NATIONAL UNION FIRE INSURANCE COMPANY shall file an itemized statement of fees and expenses incurred by preparing and filing this motion, supported by affidavit. CHRISTINA STEWARD may contest the reasonableness of such fees and costs within ten (10) days of the statement's filing.

The effect of this order is suspended for a period of fourteen (14) days to allow plaintiff to seek review from the district court if she so chooses.

THUS DONE AND SIGNED in Chambers this 10th day of March, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE